**HEARING DATE: January 11, 2006**
                                                **HEARING TIME: 11:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                  :        Case No. 05-13634 (ALG)
                                            :
DELAFIELD 246 CORP.,              :
                                          :        Chapter 11
                                          :
              Debtor.                  :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION OF THE UNITED STATES TRUSTEE REGARDING INTERIM
APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**TO THE HONORABLE ALLAN L. GROPPER, BANKRUPTCY JUDGE**:

      The United States Trustee for the Southern District of New York (the "United States Trustee") has reviewed the following application seeking an award of first interim compensation and reimbursement of expenses.

| APPLICANT | PERIOD | FEES | EXPENSES |
|---|---|---|---|
| Steven Cohn, P.C. (the "Applicant") Attorneys for the Debtor and Debtor-in-Possession | 10/25/04 - 9/30/05 | $200,657.50[1] | $2,622.07 |

      The United States Trustee makes the following objections or comments to the application for a first interim award of interim compensation and reimbursement of expenses in the amounts sought (the "Application") for the reasons set forth below.

**Background**

      1.        On November 29, 2004 (the "Petition Date"), Delafield 246 Corp. (the "Debtor") filed

---

[1] The Applicant states that it received a pre-petition retainer in the amount of $25,000 from Zion New York LLP, an affiliate of the Debtor. Application, ¶ 33.

a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

2.      By order dated April 7, 2005, the Bankruptcy Court for the Eastern District of New York authorized the Debtor to retain the Applicant as its counsel, *nunc pro tunc* to November 29, 2004.  See Application, ¶ 3.

3.      Subsequently, by Order dated April 28, 2005 (the "Transfer Order"), the Debtor's Chapter 11 case was transferred to this Court.  In the same order, the Bankruptcy Court for the Eastern District of New York modified the automatic stay to allow the state court action of the Delafield Estates Homeowners Association (the "Homeowners Association") against the Debtor to proceed. See Homeowners Association Objection, dated January 5, 2006, ¶ 3.  A copy of the Transfer Order was entered on the docket of this Court on May 13, 2005.

4.      The Debtor continues to operate its business and manage its property under 11 U.S.C. §§ 1107 and 1108.

5.      The Debtor has represented that its Chapter 11 case was necessitated by a longstanding dispute with the City of New York and the Homeowners Association.  See Application, ¶¶ 10-14.

6.      Although the ostensible purpose of the filing of the Chapter 11 case was to "liquidate the claims against the Debtor and its Property," id. at ¶ 12, to date no apparent progress has been made toward that end.  A review of the Court's docket report shows that the claims in this case have not been liquidated and the debtor has not even *proposed* a plan of reorganization.  In fact, as far as the United States Trustee, no bar date has been set for the filing of proofs of claim in this case.

7.      The Application recounts the litigation in state court and in the two bankruptcy courts, see id. at ¶¶ 10-15, but does not show any resolution.  Thus, after over eight months since the Transfer

Date, and well over a year since the Petition Date (to say nothing of the many years of state court litigation), the Debtor appears to have made no progress toward a resolution of the claims asserted by the City of New York and the Homeowners Association. As a result, the Debtor seems to be no closer to confirmation of a plan of reorganization that it was on either the Transfer Date or the Petition Date.

8. Nonetheless, since the Petition Date, the Debtor has amassed over $200,000 in legal fees.

## Objections

**The Lack Of Progress In This Case Militates Against The Approval Of The Application**

9. Part of the reason for the large amount of legal fees can be found in paragraph 15(J) of the Application. Among "the major areas for which Applicant rendered services on behalf of the Debtor" was as follows:

> Recommencing the adversary proceeding seeking to determine the validity and extent of the secured claims of the City [of New York] and the Homeowners Association . . . dismissed *sua sponte* by Bankruptcy Judge Bernstein by filing a new complaint in the Southern District.

Id. at ¶ 15(J).

10. The adversary proceeding to which the passage above refers was dismissed by the Bankruptcy Court for the Eastern District of New York, as the Court found that the issues in that proceeding were substantially the same as those in the state court proceeding. See Homeowners Association Objection, ¶ 3. Thus, having unsuccessfully brought its complaint in the Bankruptcy Court for the Eastern District of New York, the Debtor tried again, this time in the Southern District of New York. By its own admission, the Applicant billed the estate for commencing the same action

twice.[2] Based upon an analysis of the relevant time records, it appears that the Applicant has billed the estate in excess of $20,000 for the preparation and filing of the second complaint.[3] See Application, exh. A.

11.     The United States Trustee understands that the litigation has been temporarily put on hold to enable the parties to come to a resolution of the issues raised in the adversary proceeding and the state court action. See id. at ¶ 5. To date, however, no progress toward such a resolution is in evidence. As a result, not only is a settlement not forthcoming, the entire case appears to be at a standstill as well.

12.     The United States is concerned that, to date, the Applicant's services in connection with the second complaint have not rendered any benefit to the estate and/or its creditors. Although it remains to be seen whether this Court will ultimately rule in the Debtor's favor with respect to the issues raised in the adversary proceeding (or whether the parties may reach a settlement), it is clear at present that this case has not advanced toward confirmation of a plan. It is premature at best to determine that the services the Applicant has rendered in connection with the second complaint have benefitted the estate. Accordingly, the United States Trustee believes that the Applicant's fees, insofar as they relate to the second complaint, should be denied without prejudice.

**The Applicant Has Failed To Arrange**
**Its Time Entries Into Project Categories**

13.     According to section II(D)(1) of the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C § 330, dated

---

[2] In addition, the Debtor removed the state court action to the Bankruptcy Court. See Homeowners Association Objection, ¶ 4.

[3] It appears that the Applicant devoted more than 40 hours to its work on the second complaint.

January 30, 1996, "all service entries should be arranged by project categories." The Application fails to comply with this requirement. The Applicant's failure in this regard precludes parties-in-interest and the Court from evaluate how much time the Applicant devoted to each aspect of this Chapter 11 case. The United States Trustee requests that the Applicant divide the Application into project categories so that she may evaluate the reasonableness of the fees requested.

**The Application Contains Many Vague and
Combined Time Entries That It Impossible To
Evaluate The Reasonableness Of The Application**

14.     The Application contains numerous time entries that are vague and that do not provide sufficient detail regarding the services rendered. Specifically, many of the applicant's time entries regarding telephone calls and conferences do not indicate the purpose of the call or conference. Without this information, it is impossible for the Court, creditors, and the United States Trustee to determine the reasonableness of the services provided by the applicant. See The Bennett Funding Group, Inc., 213 B.R. 234, 245 (Bankr. N.D.N.Y. 1997)(time entries for telephone calls must indicate the purpose of the conversation); In re Poseidon Pools of America, Inc., 180 B.R. 718, 757 (Bankr. E.D.N.Y. 1995)(time entries describing telephone calls and conferences with only one word are inadequate). Examples of such time entries are as follows:

| Date | Name | Description | Time Spent |
|---|---|---|---|
| 1/24/05 | DAN | Meeting with MZ; office conference with MZ and SC. | 2.00 hours |
| 5/19/05 | STEVE | Meeting with Mark Zion and Abraham Zion | 1.50 hours |
| 6/20/05 | DAN | TC MZ; TC Rose and AZ | 0.8 hours |
| 6/21/05 | DAN | Read e-mail from Brenner; OC MZ; OC w/SC & MZ | 1.20 hours |
| 7/6/05 | DAN | Work figures, memo; TC Zweigbaum; TC MZ; OC SC; work on doc req. | 5.50 hours |

| | | | |
|---|---|---|---|
| 7/7/05 | DAN | Further Drafting of Musings | 4.00 hours |
| 7/20/05 | DAN | Telephone call with MZ; telephone call with SC. | 0.70 hours |

The United States Trustee requests that the applicant provide more detail regarding <u>all</u> of its vague time entries (not just the examples set forth above) prior to the hearing on the applicant's fee request[4]. In the event the applicant fails to provide such appropriate detail, the United States Trustee objects to the award of fees sought by the applicant.

15. In addition, the Application is replete with combined or "lumped" time entries. The lumping of time entries together violates of section II.D.5 of the <u>United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C. § 330</u>, dated January 30, 1996. Therefore, the United States Trustee cannot determine the amount of time incurred by the applicant in connection with certain of the vague entries at issue. Examples of such time entries are as follows:

| Date | Name | Description | Time Spent |
|---|---|---|---|
| 11/4/04 | DAN | Telephone call with client; revise retainer agreement and e-mail to client; telephone call with client (2x); office conference with SC; revised agreement and e-mailed to MZ again. | 2.20 hours |
| 1/5/05 | DAN | Complete bank documents for accountant; telephone call with MZ; telephone call with US Trustee, Al Domino; meeting with MZ and open DIP bank account at HBC; read fax material; statutory research re: in rem foreclosure. | 4.00 hours |

---

[4] The United States Trustee notes that many of the above-referenced vague time entries appear to be for intra-office conferences. The applicant should explain why the intra-office conferences were necessary. <u>See</u> In re Bennet Funding Group, Inc., 213 B.R. at 245 ("time entries for either intra-office or other conferences must denote sufficient information for the court to determine whether the services provided and the fees charged were necessary and reasonable.").

-6-

| 4/21/05 | DAN | Appearance in USBC, Central Islip for hearing; telephone calls with M. Zion; drafting of objection; office conference with S. Cohn; analysis of documentation; fax to Christine Black, attorney for Delafield Homeowners Assoc.; drafter order re: loan. | 5.00 hours |
| --- | --- | --- | --- |
| 5/3/05 | DAN | Work on motion to extend exclusivity period; work on motion to hold NYC in contempt; final notice of appeal and give to LKC for filing with court. | 7.50 hours |
| 5/4/05 | DAN | Office conference with M. Zion; telephone calls with Rose and A. Zion; quick review of files on Bronx County State Action; research for drafting of motions; review file; revise motion to stay; revise other motions and prepare exhibits. | 5.30 hours |
| 5/17/05 | DAN | Telephone call with MZ; Call to Gemma SDBC (LM); TC MZ; TC Gemma; receive case info; OC MZ; call to Judge's chambers and leave message; revise motion papers to reflect new court, number and judge. | 5.00 hours |
| 5/23/05 | DAN | Telephone call MZ; TC AX; Revise removal notice; revise letter to BJ GROPPER on Contempt motion; OC MZ; Review SC comments and input; TC MZ; print out complaint; put together and/or create exhibits for OTSC; prepare notice and finalize OTSC. | 6.00 hours |

16.     The United States Trustee objects to the award of fees for these and many other lumped time entries.  See In re Poseidon Pools of America, Inc., 180 B.R. 718, 731 (Bankr. E.D.N.Y. 1995)("an applicant should not "lump" several services or tasks into one time sheet entry because it is then difficult if not impossible for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided.").

**If The Application Is Approved, Such Approval Should
Be Subject To A Substantial Percentage Reduction**

17.     To the extent the Court approves the Application, the United States Trustee respectfully requests that the Court not award the full amount of the fees requested by the Applicant

-7-

until the final resolution of the case. The results achieved in this case serve as an important factor in determining the success of the efforts of the applicants. Accordingly, because at the present time the results of the Debtor's case are still unknown, the United States Trustee believes a continued percentage reduction is proper. See, e.g., In re Bank of New England Corp., 134 B.R. 450, 459 (Bankr. D. Mass. 1991)(because of the difficulty in determining whether services were actual and necessary when reviewing interim applications, bankruptcy courts routinely require hold backs until the end of the case).

18.    The United States Trustee notes that, to date, the Debtor has failed to file its operating report for the month of November 2005. Accordingly, it is unclear whether the Debtor has the wherewithal to pay even a portion of the Applicant's fees. See Homeowner's Association Objection, ¶ 6. Thus, any percentage fee reduction imposed by the Court should be substantial.

WHEREFORE, the United States Trustee respectfully requests that the Court sustain the objections contained herein and grant such relief as it may deem just and proper.

Dated: New York, New York
       January 6, 2006

                              Respectfully submitted,

                              DEIRDRE A. MARTINI
                              UNITED STATES TRUSTEE

                    By:   /s/ Richard C. Morrissey
                          Richard C. Morrissey (RM-1970)
                          33 Whitehall Street
                          21st Floor
                          New York, New York 10004
                          Tel. (212) 510-0500